**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20264-BLOOM**

UNITED STATES OF AMERICA

v.

TSVIA KOL,

     Defendant.

_____/

**ORDER ON MOTION TO DISMISS COUNT II OF THE INDICTMENT**

**THIS CAUSE** is before the Court on Defendant Tsvia Kol's Motion to Dismiss Count II of the Indictment as Barred by the Double Jeopardy Clause. ECF No. [77]. The United States of America (the "Government") filed a Response in Opposition, ECF No. [78], to which Kol filed a Reply, ECF No. [79]. The Court has carefully reviewed the Motion, the opposing and supporting briefs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Kol's Motion is denied.

**I.   FACTUAL BACKGROUND**

This case arises from an alleged drug trafficking operation that resulted in "the fatal shooting of 'J.G.' at a hotel in Miami Springs, Florida, on November 29, 2022." ECF No. [78] at 2. Following the shooting, Kol and her co-Defendant, Jimmy Sanchez, were indicted on three Counts: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 ("Count I"); (2) Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count II"); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) ("Count III"). ECF No. [1].

Kol now moves to dismiss Count II of the Indictment, arguing that Count II and Count III are cumulative and, as such, Count II should be treated as a lesser included offense of Count III as opposed to its own separate count. ECF No. [77] at 1. Kol contends that dismissal of Count II is necessary to ensure that the Indictment ultimately presented to the jury does not violate the constitutional prohibition against Double Jeopardy. *See id.* at 12.

The Government responds that Kol's proposed remedy—dismissal of Count II—is unnecessary at this stage of the proceedings. Even assuming the Court finds Count II and Count III constitute the "same offense" under the Double Jeopardy Clause, the Government maintains that the Constitution's prohibition against double jeopardy only protects a defendant against a second subsequent prosecution for the same offense after an acquittal or conviction, and against multiple *punishments* for the same offense. See ECF No. [78] at 6-7. Accordingly, because Kol has not previously been acquitted or convicted of Count II or Count III, the first two protections do not apply, and since Kol has only been indicted, not convicted, of Counts II and III, she is not yet facing multiple punishments for the same offense. Consequently, because the Double Jeopardy Clause does not prohibit simultaneous prosecutions for the same offense, separately charging Kol under both § 924(j)(1) and § 924(c) does not render the Indictment defective in its current form. *Id.* at 8. According to the Government, so long as Kol is ultimately punished pursuant to *either* Count II or Count III, and not both, the Double Jeopardy Clause will not be implicated, even if the Supreme Court finds the Counts to be multiplicitous. Therefore, the Government urges that Kol's Motion be denied.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss Indictment

An indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). For an indictment to be valid, it must "(1) present[ ] the essential elements of the charged offense, (2) notif[y] the accused of the charges to be defended against, and (3) enable[ ] the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009)).

A defendant may challenge an indictment on various grounds, including failure to state an offense, lack of jurisdiction, constitutional reasons, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012); Fed. R. Crim. P. 12(b). On a motion to dismiss the indictment, "[t]he indictment's allegations are assumed to be true and are viewed in the light most favorable to the government." *United States v. Rodriguez*, 635 F. Supp. 3d 1351, 1354-55 (S.D. Fla. 2022). "[A] court ruling on a motion to dismiss may not look beyond the four corners of the indictment, nor may it properly dismiss an indictment for insufficient evidence." *United States v. Baxter*, 579 F. App'x 703, 706 (11th Cir. 2014). "Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citations omitted).

## III.   DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amend. 5.

The Double Jeopardy Clause "prohibits the government from making repeated attempts to convict an accused" after an acquittal or for the same offense after a conviction, and also "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Bruner v. United States*, No. 2:22-CR-18-TPB-NPM, 2025 WL 42991, at *3 (M.D. Fla. Jan. 7, 2025). Accordingly, the Double Jeopardy Clause protects defendants against multiplicitous indictments. *See United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Davis*, 854 F.3d 1276, 1286 (11th Cir. 2017) (quoting *United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012)). The reason for the prohibition is that "[w]hen the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one." *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991). Here, Kol argues that because she is charged under 18 U.S.C. § 924(c) in Count II and 18 U.S.C. § 924(j) in Count III, which she contends are lesser and greater offenses of one another, the Indictment is multiplicitous and, therefore, violates the Double Jeopardy Clause. Accordingly, she maintains that the purported constitutional violation warrants a dismissal of Count II.

The question of whether separately charging a defendant under § 924(c) and § 924(j) renders an indictment multiplicitous and in violation of the Double Jeopardy Clause is a close one. Indeed, the Supreme Court has taken up a nearly identical question due to a seven-circuit split on the issue. *See Barrett v. United States*, 25-5774.[1] Given the current posture of the case, however,

---

[1] The specific question presented on appeal before the Supreme Court in *Barrett* is: "Whether the Double Jeopardy Clause permits two sentences for an act that violates 18 U.S.C. § 924(c) and § 924(j)[.]" *Barret v. United States*, Supreme Court Docket Files, https://www.supremecourt.gov/docket/docketfiles/html/qp/24-

the Court need not enter the thicket and attempt to resolve the question because the relief Kol

seeks—dismissal of Count II—is not necessary at this stage of the proceedings.

This case has not yet gone to trial. Therefore, while Kol argues that she is currently exposed

to the threat of multiple punishments for the same offense, it is possible that she may not be

convicted of both counts and, therefore, no double jeopardy concerns will be implicated.

Moreover, "[t]he principal danger in a multiplicitous indictment is [ ] that the defendant may

receive multiple sentences for a single offense," not that the defendant may face simultaneous

prosecutions for the same offense. *Langford*, 946 F.2d at 804-05; *see also Ohio v. Johnson*, 467

U.S. 493, 500 (1984). Accordingly, unless Kol is convicted and sentenced under both § 924(c) and

§ 924(j), her Fifth Amendment rights have not been violated. *See United States v. Lewis*, 492 F.3d

1219, 1222 (11th Cir. 2007) ("While the Double Jeopardy Clause may protect a defendant against

cumulative punishments for convictions on the same offense, the Clause does not prohibit the State

from prosecuting [a defendant] for such multiple offenses in a single prosecution.") (quoting

*Johnson*, 467 U.S. at 500).

Indeed, other courts have found that the pre-trial dismissal of multiplicitous counts is

unnecessary because such a defect is not fatal prior to the imposition of the defendant's sentence,

given the numerous less severe remedies available. *See United States v. Smith*, 591 F.2d 1105,

1108 (5th Cir. 1979).[2] For instance, the Court may direct the Government to choose which counts

to consolidate, offer appropriate jury instructions, strike one of the multiplicitous counts before

_____

05774qp.pdf (last accessed on December 20, 2025). The Supreme Court held oral arguments on the matter
on October 7, 2025. *See Barrett v. United States*, Oyez, https://www.oyez.org/cases/2025/24-5774 (last
visited Dec 20, 2025).

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent
all the decisions of the former Fifth Circuit prior to September 30, 1981).

they go the jury, and even after the verdict, prevent any potential constitutional violation "by vacating multiplicitous convictions and any concurrent convictions based upon those convictions."' *United States v. Stapleton*, No. 13-80201-CR, 2018 WL 9538225, at *4 (S.D. Fla. Nov. 27, 2018), *report and recommendation adopted*, No. 14-80151-CR, 2019 WL 13196161 (S.D. Fla. Jan. 18, 2019), *aff'd*, 39 F.4th 1320 (11th Cir. 2022); *see United States v. Siegelman*, No. 2:05 CR 119 MEF, 2006 WL 752951, at *3 (M.D. Ala. Mar. 22, 2006) (citing *Smith*, 591 F.2d at 1108 (5th Cir. 1979); *United States v. Sue*, 586 F.2d 70, 71 (8th Cir. 1978); *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984)); *United States v. Ford*, No. 1:12-CR-297-TWT-ECS, 2013 WL 1337130, at *2 (N.D. Ga. Mar. 5, 2013), *report and recommendation adopted*, No. 1:12-CR-297-TWT, 2013 WL 1320739 (N.D. Ga. Mar. 29, 2013), *aff'd*, 784 F.3d 1386 (11th Cir. 2015) (citing *United States v. Molinares*, 700 F.2d 647, 653 n.11 (11th Cir. 1983)). Therefore, with each of these remedies still available prior to trial, Kol does not face any undue prejudice[3] by proceeding to trial on both Count II and III, even if the Supreme Court ultimately determines that § 924(c) constitutes a lesser included offense of § 924(j). Consequently, by preserving all three counts and waiting for a resolution of the issue by the Supreme Court, the Court maintains the Government's prosecutorial discretion while ensuring that Kol's constitutional rights are not infringed.

---

[3] The Court notes that the second vice caused by multiplicitous counts is not present here either. As the Eleventh Circuit noted in *Langford*, the second concern with multiplicitous indictments is that they "may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one." 946 F.2d at 802. Here, Kol has also been charged with Conspiracy to Possess with Intent to Distribute a Controlled Substance. *See* ECF No. [1]. Therefore, even if Count II was dismissed, the jury would still be informed that Kol is facing multiple charges. *See Siegelman*, 2006 WL 752951, at *3 (explaining that the jury's impression about the defendant facing multiple charges because of the purportedly multiplicitous count was not relevant given the other charges already suggested to the jury that the defendants were accused of committing more than one offense).

**IV.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Kol's Motion to Dismiss Count

II of the Indictment, **ECF No. [77]**, is **DENIED.**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 23, 2025.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record